# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CONNIE HALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10cv1143 TCM |
| ) | |
| SAFECO INSURANCE ) | |
| COMPANY OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on the motion of Connie Hale (Plaintiff) to remand her case to the state court from which it was removed by Safeco Insurance Company of Illinois (Defendant) on grounds that there is diversity of citizenship and the amount in controversy exceeds $75,000.00, and on the motion of Defendant to dismiss Count II of Plaintiff's complaint.[2] [Docs. 6, 16]

## Background

Plaintiff alleges in Count I of her complaint that she was injured in January 2005 when an underinsured motorist, Margaret Davis, negligently rear-ended the car which Plaintiff was driving as Plaintiff was stopped behind another car waiting to make a left turn. (Compl. ¶¶ 6, 7.) As a result of her "serious painful, progressive, and permanent injuries," Plaintiff "has sustained damages well in excess of $100,000, which are ongoing." (Id. ¶¶ 8,

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]For ease of reference, the Court will refer to Plaintiff's initial pleading as a "complaint" and not as a "petition," as such pleading would be considered under Missouri court rules. See Mo.S.Ct.R. 53.01.

11.) Her medical bills alone have exceeded $150,000.00. (Id. ¶ 16.) At the time of the collision, Davis had automobile liability coverage with a policy limit of $100,000.00. (Id. ¶ 12.) Plaintiff has settled her claim with Davis for this policy limit. (Id. ¶ 13.) Plaintiff's policy with her own insurance company, Defendant, provides underinsured motorist coverage; however, Defendant has failed to pay Plaintiff the benefits she is entitled to receive under this coverage. (Id. ¶¶ 14, 17.) In her first count, she prays for judgment against Defendant in an amount in excess of $25,000.00.[3] (Id. at 4.)

In Count II, Plaintiff alleges that Defendant's refusal to pay her the benefits she is entitled to under the applicable insurance policy "is vexatious and without reasonable cause or excuse." (Id. ¶ 22.) She requests statutory penalties of 20% on the first $1,500.00 of the award on the policy and 10% on the remainder of any award. (Id. ¶ 23.) She also requests an award of reasonable attorney's fees, as provided by Mo.Rev.Stat. § 375.420. (Id.)

The insurance policy at issue, attached as Exhibit A to the complaint, lists four vehicles as being covered, including the one driven by Plaintiff at the time of the accident. (Compl. Ex. A at [1]-[2].) Each vehicle has underinsured motorist coverage of up to $50,000.00 for bodily injury to each person and $100,000.00 for each accident. (Id.)

By letter of May 6, 2009, Plaintiff's counsel sent Defendant "a demand for the full payment of Plaintiff's underinsured policy limits . . . ." (Compl. ¶ 22; see also Doc. 7, Def. Ex. A to Notice of Removal.) Earlier, in September 2007, Defendant had informed Plaintiff's

---

[3]See Mo.S.Ct.R. 55.05 (requiring that, in certain cases, no specific dollar amount be named in the demand "except to determine the proper jurisdictional authority"); Mo.S.Ct.R. 55.19 (no specific amount should be included in the demand "but the prayer shall be for such damages as are fair and reasonable").

counsel that it was Defendant's position that underinsured motorist coverage did not apply because the liability limit under Davis' insurance policy was greater that the $50,000.00 underinsured motorist limit under Plaintiff's policy. (Pl. Reply Ex. 1.)

Noting that Defendant has denied that any underinsured motorist coverage is available, Plaintiff moves to remand her case on the grounds that Defendant has not sustained its burden of showing that the amount in controversy exceeds $75,000.00. Noting that Plaintiff has alleged medical bills in excess of $150,000.00 and economic damages in excess of $250,000.00, Defendant opposes the motion, arguing that its potential exposure is $200,000.00 given that, under certain circumstances, Missouri law permits the stacking of underinsured limits.

Also pending is Defendant's motion to dismiss Count II on the grounds that Plaintiff has not alleged sufficient facts to state a cause of action for vexatious refusal to pay.

## Discussion

Motion to Dismiss. When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. **Ashcroft v. Iqbal**, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" **Twombly**, 550 U.S. at 555 (quoting first Fed. R. Civ. P. 8(a)(2) and then Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Twombly, supra); see also

**Gregory v. Dillard's Inc.**, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). Although detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. **Twombly**, 550 U.S. at 555; accord **Iqbal**, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." **Twombly**, 550 U.S. at 570; accord **Iqbal**, 129 S.Ct. at 1949; **Braden v. Wal-Mart Stores, Inc.**, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Iqbal**, 129 S.Ct. at 1949.

Section 375.420, Mo.Rev.Stat., provides for damages in an action against any insurance company if the plaintiff has established that the company has refused to pay, "without reasonable cause or excuse," for the loss under a policy of, inter alia, automobile insurance. Plaintiff alleges in her 2010 suit that she was injured in 2005 and that Defendant has yet to pay her the monies she is entitled to under her insurance policy. Defendant submitted a 2007 letter informing Plaintiff's counsel of why it is refusing to pay her any monies. She alleges that the long-standing refusal is without reasonable cause or excuse. "A claim of vexatious refusal to pay requires proof (1) of an insurance policy, (2) of the insurer's refusal to pay and (3) that the insurer's refusal was without reasonable cause or excuse." **D.R. Sherry Const., Ltd. v. American Family Mut. Ins. Co.**, 316 S.W.3d 899, 907 (Mo. 2010) (en banc). Plaintiff's Count II states such a claim.

Motion to Remand. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a) "if there is complete diversity of citizenship and the amount in controversy is greater than

$75,000." **Advance Am. Servicing of Ark., Inc. v. McGinnis**, 526 F.3d 1170, 1172 (8th Cir. 2008). The party invoking federal jurisdiction bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 at the time of removal. **Id.**; **Bell v. Hershey Co.**, 557 F.3d 953, 956 (8th Cir. 2009); **James Neff Kramper Family Farm P'ship v. IBP, Inc.**, 393 F.3d 828, 831 (8th Cir. 2005).

The parties do not dispute that there is complete diversity of citizenship. Rather, their dispute focuses on the amount-in-controversy requirement.

"Where, as here, the complaint alleges no specific amount of damages . . ., the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." **In re: Minnesota Mut. Life Ins. Co.**, 346 F.3d 830, 834 (8th Cir. 2003); accord **In re Prempro Prods. Liab. Litig**., 591 F.3d 613, 620 (8th Cir. 2010); **Bell v. Hershey Co.**, 557 F.3d 953, 956 n.5 (8th Cir. 2009). To meet this burden, the removing party must present" some specific facts or evidence demonstrating that the jurisdictional amount is met." **Hill v. Ford Motor Co.**, 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." **Bell**, 557 F.3d at 956.

Plaintiff alleges at least $250,000.00 in damages in Count I alone. Her counsel has demanded the full limits of the underinsured motorist coverage in Defendant's insurance policies, advising Defendant that Plaintiff's economic damages are well over $250,000. Under Plaintiff's theory, the potential exposure to Defendant, if stacking the four vehicle

coverage is permitted, is at least $200,000.00.  On the other hand, Defendant denies that there is any underinsured motorist coverage under the circumstances and contends that whatever coverage there is cannot be stacked.[4]

"A defendant who seeks to prove that the amount in controversy is greater than the jurisdictional amount does not automatically concede that the jurisdictional amount is recoverable."  14AA Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure, § 3702 (2009).  Therefore, Defendant's position that Plaintiff cannot recover under her insurance policy does not negate, for purposes of diversity jurisdiction, that she is claiming she is entitled to damages of at least $200,000 under that policy – the face value under the policy of the four provisions for underinsured motorist coverage.  See **Hartford Ins. Group v. Lou-Con, Inc.**, 293 F.3d 908, 911 (5th Cir. 2002) (holding that "in declaratory judgment cases that involve the applicability of insurance to an occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim – not the face value of the policy'") (quoting 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure, § 3710 (3rd ed. 1998)); accord **Nat'l Union Fire Ins. Co. v. Maune**, 2006 WL 587650, *2 (E. D. Mo. March 10, 2006).

Defendant having carried its burden of showing that the amount in controversy is in excess of $75,000.00, Plaintiff's motion to remand will be denied.

---

[4]Under Missouri law, "'the existence of the [underinsured motorist] coverage and its ability to be stacked are determined by the contract entered between the insured and the insurer.'" **Ritchie v. Allied Prop. & Cas. Ins. Co.**, 307 S.W.3d 132, 135 (Mo. 2009) (en banc) (quoting Rodriguez v. Gen. Acc. Ins. Co. of Am., 808 S.W.2d 379, 383 (Mo. 1991) (en banc)).  If policy language unambiguously does not permit stacking, such anti-stacking provisions are enforced; conversely, if the stacking language is ambiguous, stacking is allowed.  **Id.**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Count II is **DENIED**. [Doc. 6]

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand is also **DENIED**. [Doc. 16]

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  25th  day of October ,2010.